22 NEW-YORK PRACTICE REPORTS.

M'Kinney agt. M'Kinney and others, ex'rs, &c., of M'Kinney, deceased.

# SUPREME COURT.

PATRICK M'KINNEY agt. WILLIAM M'KINNEY and others ex-ecutors, &c., of DANIEL M'KINNEY, deceased.

Where the defendants, before the time for answering expired, demanded a copy of the items of the plaintiff's account, which was furnished by the plaintiff; and the defendants then moved, under § 160, that the plaintiff be required to make his complaint definite and certain.

*Held,* that the motion, if allowable at all in such a case, came too late. If the defendants were dissatisfied with the account furnished, they had but to apply to the court, or a judge, and upon showing that the account was in any respect defective, they would be entitled to an order that a *further account* be delivered.

*It seems,* that where the allegations of the plaintiff's claim are so general, that it will be important to the defendants, before answering, to have a more detailed statement of such claim, and for which provision is made in § 159, that a *motion,* under § 160, to make the complaint more definite and certain, even in the *first instance,* does not apply.

*Albany Special Term, Aug.,* 1855.

MOTION that plaintiff be required to make his complaint definite and certain.

The complaint contained *four* counts. In the *first,* it was alleged, that Daniel M'Kinney, at the time of his death, was indebted to the plaintiff to the amount of $1,200, for moneys paid, laid out and expended by the plaintiff for him, and moneys received by him for the use of the plaintiff. In the *second,* that he was indebted to the plaintiff in the sum of $200 for costs and expenses incurred, paid and expended in protecting his property from sale under execution or attachment against Andrew M'Kinney, and in defending an indictment and other actions against the plaintiff therefor. In the *third,* that Daniel M'Kinney, at the time of his death, was indebted to the plaintiff in the sum of $2,500 for work and labor, &c. In the *fourth,* that he was indebted to the plaintiff, at the time of his death,

in the sum of $67, for one cow and six yearling calves, sold and delivered to him by the plaintiff.

The defendants, before the time for answering expired, demanded a copy of the items of plaintiff's account, which was furnished. After the service of the account, the defendants' attorney gave notice of this motion, and asked for an order requiring the plaintiff to set forth in what particular business the money mentioned in the complaint was expended, and the particular time of the expenditure, and the amount thereof, and from whom and at what time the money was received by Daniel M'Kinney for the plaintiff's use, and the amount thereof, and the times and particular sums of money lent and advanced by the plaintiff to the said Daniel M'Kinney, and when, how, and under what particular circumstances said costs and expenses were incurred, and the several amounts in each action, and by what agreement, and when, in what business and under what agreement the labor was performed, &c., for said Daniel M'Kinney, and when the cow and calves were sold and delivered to him, and under what agreement, and the price or value of each.

T. B. Mitchell, *for plaintiff.*
A. Hough, *for defendants.*

Harris, Justice. It may be, that had the defendants applied, in the first instance, to compel the plaintiff to amend his complaint, the application would have been successful. *Blanchard* agt. *Strait*, (8 *How.* 85,) is an authority in support of such an application. And yet I am inclined to think, that the provision of the 160th section of the Code, authorizing the court, when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent, to require the pleading to be made definite and certain by amendment, is not at all applicable to a case like this.

The plaintiff alleges that the estate represented by the defendants, owes him a specified sum for money disbursed by him for the decedent in his lifetime, and for money received to his

use by the decedent. The allegation, it is true, is very general. It may be important to the defendants that, before answering, they should have a more detailed statement of the plaintiff's claim. But I do not think it can be said that the allegation is so indefinite or uncertain, that the precise nature of the plaintiff's charge is not apparent. And so of the allegations in the other counts of the complaint. They are general, and the defendants would, doubtless, need a more particular statement. For this, provision is made in the 159th section of the Code, which declares that the plaintiff, when he seeks to recover the amount of an account, shall not be required, in the first instance, to set forth the particulars of such account. He may state, in general terms, the nature of his charges. But, upon being required to do so by the defendant, he is obliged to go further, and furnish the items in detail. This the defendants have already required the plaintiff to do. This the plaintiff, complying with the requirement, has done.

It is too late, now, for the defendants, after having thus obtained a specification of the plaintiff's demand, to ask to have the plaintiff compelled to amend his complaint, by making the allegations more definite and certain. If they are dissatisfied with the account furnished, they have but to apply to the court or a judge, and, upon showing that the account is, in any respect, defective, they will be entitled to an order, that a further account be delivered.

This motion must, therefore, be denied, with costs.